**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2734
_____

UNITED STATES OF AMERICA

v.

MAURICE SMITH,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cr-00129-022)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: December 16, 2025)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Maurice Smith appeals the District Court's denial of his motion to suppress evidence seized from his residence pursuant to a search warrant, and his motion to dismiss his indictment.[1] For the reasons that follow, we will affirm the District Court.

I.[2]

Smith argues that: (1) the District Court erred in finding that the search warrant was supported by probable cause; and (2) the *Leon* "good faith" exception to the exclusionary rule does not apply. We need not determine whether the warrant was supported by probable cause because the good faith rule of *Leon* does apply given the circumstances surrounding this search.[3]

In *United States v. Leon*, the Supreme Court held that "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."[4] "[O]ur good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."[5] "[S]uppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary

---

[1] After the District Court denied his motion to suppress and motion to dismiss, Smith entered a conditional guilty plea, reserving his right to appeal both rulings.
[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's ruling on the good faith exception is plenary. *United States v. Williams*, 3 F.3d 69, 71 n.2 (3d Cir. 1993).
[3] *See United States v. Leon,* 468 U.S. 897, 925 (1984) (holding that courts can "reject suppression motions posing no important Fourth Amendment questions by turning immediately to a consideration of the officers' good faith").
[4] *Id.* at 922 (citation modified).
[5] *Id.* at 922 n.23.

rule[,]" which "is designed to deter police misconduct rather than to punish the errors of judges and magistrates."[6]

Smith attempts to rely on an exception to the holding in *Leon*.[7] He asserts that the warrant was "based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"[8] However, the "threshold for establishing this exception is a high one,"[9] and Smith fails to meet his burden.

We realize that, perhaps because officers wished to camouflage their real reason for searching the residence, the affidavit completely omitted the fact that Peters and Latimer were suspects in a drug trafficking conspiracy investigation that began as early as July 2022. Additionally, the affidavit did not allege any recent drug transactions, nor did it contain any allegation that firearms were being used in furtherance of drug trafficking. Instead, it relied on generalized assertions about Peters' need for protection and speculative inferences rooted in nothing more than his status as a fugitive.

Nevertheless, the affidavit was not "bare bones," nor did it "rely on [Affiants'] unsupported belief that probable cause exist[ed]."[10] The officers described their training and experience, outlined their surveillance efforts, and provided a narrative that, although

---

[6] *Id.* at 916, 918.

[7] *See United States v. Hodge*, 246 F.3d 301, 308 (3d Cir. 2001) (citing *Leon*, 468 U.S. at 922–23).

[8] *Leon*, 468 U.S. at 923 (citation modified).

[9] *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012).

[10] *United States v. Pavulak*, 700 F.3d 651, 664 (3d Cir. 2012) (citation modified).

flawed, was not devoid of factual content. Moreover, it does not appear that the Affiants executed the search.[11]

Accordingly, it was not "entirely unreasonable" for law enforcement to conclude the warrant was valid; thus, *Leon* applies.[12] Because the good faith exception applies, we will affirm.

## II.[13]

Smith also moved to dismiss his indictment, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to him. However, Smith concedes that his argument is foreclosed by our decisions in *United States v. Moore* and *United States v. Quailes* because he was under supervision at the time of his indictment.[14] We agree.

---

[11] *See United States v. Zimmerman*, 277 F.3d 426, 438 (3d Cir. 2002) (reasoning that, "particularly where the affiant is also one of the executing officers, it is somewhat disingenuous, after having gone to the magistrate with [a] paltry showing . . . to suggest . . . [that] the search and seizure are insulated because the officer's reliance on that error was objectively reasonable").

[12] *Id.* at 437; *Leon*, 468 U.S. at 923.

[13] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. *United States v. Moore*, 111 F.4th 266, 268 n.1 (3d Cir. 2024), cert. denied, No. 24-968, 2025 WL 1787742 (U.S. June 30, 2025).

[14] *Moore*, 111 F.4th at 272 (holding "that convicts may be disarmed while serving their sentences on [federal] supervised release"); *Quailes*, 126 F.4th 215, 217 (3d Cir. 2025) (extending *Moore*'s logic to "appl[y] with equal force to defendants who are on state supervised release—including a sentence of parole or probation").

III.

For the reasons discussed above, we will affirm the District Court's orders denying Smith's motion to suppress evidence pursuant to the search warrant and motion to dismiss his indictment, and the District Court's judgment of sentence.